SHERIFF, CLARK COUNTY, NEVADA, Appellant, v.
KENNETH KAY BOYER, Respondent.

No. 13448

December 17, 1981                    637 P.2d 832

Richard H. Bryan, Attorney General, Carson City; Robert
J. Miller, District Attorney, and John C. Wawerna, Deputy
District Attorney, Clark County, for Appellant.

Morgan D. Harris, Public Defender, and Terrence M. Jackson, Deputy Public Defender, Clark County, for Respondent.

## OPINION

Per Curiam:

Respondent Kenneth Kay Boyer was charged with embezzlement of a rented vehicle. The district court granted Boyer's pretrial petition for a writ of habeas corpus. The Sheriff of Clark County has appealed. We affirm.

On February 11, 1981, Boyer rented an automobile from Compacts Only Rent-A-Car (Compacts) of Las Vegas. Originally, Boyer was to return the car within 24 hours; however, on February 12, 1981, he sought and apparently received a 24-hour extension. When Boyer failed to return the car on February 13, 1981, Compacts attempted to contact him, but was

unable to do so because Boyer had given them a fictitious telephone number and fictitious references. Compacts never heard from Boyer again. The car Boyer had rented was returned to Compacts the first week of April, 1981, by Triple A Auto Drive Away Service of Spokane, Washington.[1]

By an information dated May 5, 1981, Boyer was charged with "EMBEZZLEMENT (Felony-NRS 205.312)." The statute under which Boyer was charged, NRS 205.312, provides as follows:

> Whenever any person who has leased or rented a vehicle willfully and intentionally fails to return the vehicle to its owner within 72 hours after the lease or rental agreement has expired, such person shall be presumed to have embezzled the vehicle.[2]

Following the language of NRS 205.312, the information was based on Boyer's failure to return the vehicle within 72 hours of the expiration of the rental agreement.

At the preliminary hearing before the justice's court, the state relied on the statutory presumption of NRS 205.312 in arguing that there was probable cause to believe that Boyer had committed the crime of embezzlement. Boyer contended that NRS 205.312 was violative of the Due Process Clause of the Fourteenth Amendment. Without discussing the constitutional issue, the justice's court bound Boyer over to the district court to answer to the charge of embezzlement.[3]

Thereafter, Boyer petitioned the district court for a writ of habeas corpus. After reviewing the parties' points and authorities and after hearing argument, the district court granted the writ, holding that NRS 205.312 impermissibly placed the burden upon the defendant to negate one of the elements of embezzlement—intent to convert the property.

In the case of In re Winship, 397 U.S. 358 (1970), the Supreme Court stated:

> Lest there remain any doubt about the constitutional stature of the reasonable-doubt standard, we explicitly hold that *the Due Process Clause protects the accused*

---

[1]There is no indication in the record as to how Triple A Auto obtained possession of the car.

[2]Boyer should have been charged under NRS 205.300, the statute which sets forth the elements of embezzlement. NRS 205.312 does not define the crime of embezzlement; it merely sets forth an evidentiary presumption.

[3]The sheriff concedes that the probable cause determination was based, at least in part, on the presumption of NRS 205.312.

*against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged.* (Emphasis added.)

*Id.* at 364. *Accord,* Patterson v. New York, 432 U.S. 197, 210 (1977). Moreover, in Mullaney v. Wilbur, 421 U.S. 684 (1975), the Supreme Court held that a state must prove every ingredient of an offense beyond a reasonable doubt, and that it may not shift the burden of proof to the defendant by presuming an ingredient upon proof of the other elements of the offense. *See also* Patterson v. New York, *supra,* at 215.

Applying these constitutional principles to the present case, it is clear that NRS 205.312 has the effect of relieving the state of the burden of proof enunciated in *Winship* and *Mullaney.* *Cf.* Sandstrom v. Montana, 442 U.S. 510 (1979) (jury instruction had effect of relieving the state of burden of proof on element of intent). Under this statute the mere failure to return a rented vehicle within 72 hours after expiration of the rental agreement creates a presumption of guilt, thus shifting the burden of proof to the defendant to show that he is not guilty of the offense of embezzlement. Accordingly, we hold that NRS 205.312 violates the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

The order granting the petition for a writ of habeas corpus is affirmed.